NO. 07-05-0088-CR
NO. 07-05-0089-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 10, 2005

_____

SHANNON DEWAYNE THOMPSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 49,282-B & 49,283-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Pending before this Court is a second request for an extension of time in which to file a reporter's record in which the official court reporter indicates no designation has been filed. The supplemental clerk's record contains an order dated June 9, 2004, appointing attorney Greg Phifer to represent appellant Shannon Dewayne Thompson. The record,

however, reflects that on November 22, 2004, attorney Ronald T. Spriggs was retained to enter an appearance as attorney of record for appellant. Also in the record is the trial court's order of April 8, 2005, granting Spriggs's motion to withdraw. To promote judicial efficiency, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 35.3(c) of the Texas Rules of Appellate Procedure.

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.	whether appellant desires to prosecute the appeal; and

2.	whether appellant is indigent and entitled to appointed counsel.

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of counsel. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, June 10, 2005.

2

The court reporter's request for extension of time is held in abeyance pending the trial court's findings and conclusions.

It is so ordered.

Per Curiam

Do not publish.